# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN RE: VEXATIOUS LITIGANTS                     6:23-mc-03-RBD
IN THE ORLANDO DIVISION

## ORDER

Regrettably, a small number of vexatious litigants inundate the Court with abusive and frivolous filings. This matter comes before the Court to consider the uniform and efficient handling of filings by vexatious litigants. Over time, individual judges in this Division have entered orders concerning vexatious litigants that address their filings in a way that protects the Court's ability to carry out its Article III functions. This Order provides uniformity and structure to that *ad hoc* process and guidance to individual judges, litigants, counsel, and the Clerk of Court.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). "The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id*. at 1074. "To counter this threat, courts are authorized to restrict access to vexatious and abusive litigants." *Brewer v. United States*, 614

F. App'x 426, 427 (11th Cir. 2015).  "The only restriction this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be 'completely foreclosed from *any* access to the court.'"  *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386-87 (11th Cir. 1993) (emphasis in original); *see United States v. Devlin*, 2022 WL 3921583, at *3 (11th Cir. Aug. 31, 2022) (finding no plain error in an anti-filing injunction where the enjoined party, prior to the entry of the injunction, "had ample opportunity to litigate his arguments").

Two categories of abusive and frivolous filings hamper the Court: papers filed in an existing case; and pleadings filed to open new cases. Though a vexatious litigant may submit both types (which may be enjoined by a single order), this Order will address each separately.

*The Designation of a Vexatious Litigant*

If a judge designates a litigant as vexatious, the order should address whether the intent is to enjoin the filing of papers in an existing case, to restrict the opening of new cases, or both.  To the extent possible, the order should narrowly tailor the injunction or restriction to apply to papers or pleadings raising identified legal issues, claims, or types of cases.

*Injunction Against Filing Papers in an Identified Case*

If a judge designates a litigant as vexatious and seeks to enjoin that litigant from making any further filings in an existing case, the judge should consider including the following language in the order:

> [The litigant] is enjoined from making any further filings [in this case OR related to a defined issue in the case].  Any such filings will be stricken without further notice.

If a judge enters an order with the foregoing language, this procedure will apply:  If the Clerk receives a paper from the litigant for filing in the existing case, the Clerk will file that paper in that case.  Thereafter, the judge may review the paper and enter an order striking it if it violates the injunction.  If the duty to review a paper in a case is referred to the magistrate judge assigned to the case, the magistrate judge will review the paper solely to determine whether its filing violates the injunction—and, if it does, strike it.  The magistrate judge may not consider the merit of the substance of any legal argument raised in the paper.  A magistrate judge may not strike a notice of appeal directed to the order designating the litigant as vexatious.

*Restriction on the Filing of New Cases*

If a judge designates a litigant as vexatious and seeks to restrict that litigant from opening new cases, the judge should consider the following language in the order:

> [The litigant] is hereby restricted from filing a pleading to open a new case.  Any further pleading filed by [the litigant] in this Division will be assigned to and reviewed by the judges assigned to this case.

If a judge enters an order with the foregoing language, this procedure will apply:  If the named litigant files a pleading to open a new case, the Clerk will open a new case and file the pleading in that case.  However, the Clerk will not randomly assign the case as set forth in Local Rule 1.05.  Instead, with the approval and consent of the Chief Judge, the Clerk will assign that new case to the district judge and magistrate judge who were assigned to the case containing the vexatious litigant order.  Those judges may then consider whether the Court has subject matter jurisdiction, whether the pleading violates the prior order, is frivolous pursuant to 28 U.S.C. §§ 1915 and 1915A, or any other appropriate matter within their discretion.  If the duty to review the pleading filed in the new case is referred to the magistrate judge assigned to the case, any decision by the magistrate judge to dismiss the case or otherwise disallow the pleading must be made by report and

recommendation. Because the judge has already deemed the litigant vexatious, an order dismissing a newly filed case may, without any additional findings, include an injunction prohibiting any further filings in the newly filed case. A magistrate judge may not strike a notice of appeal directed to any dismissal or injunction order.

**ORDERED** in Orlando, Florida on January 18, 2023.

ROY B. DALTON JR.
United States District Judge